UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 10-65-KSF

MATTHEW LEE DEAN                                                      PLAINTIFF

v.                                       **OPINION & ORDER**

MICHAEL ASTRUE,
Commissioner of Social Security                          DEFENDANT

\* \* \* \* \* \* \* \* \* \*

The plaintiff, Matthew Lee Dean, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his claim for period of disability, disability insurance benefits, and Supplemental Security Income based on disability. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

I.      **OVERVIEW OF THE ADMINISTRATIVE PROCESS AND THE STANDARD OF REVIEW**

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the Administrative Law Judge ("ALJ") must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1)      If the claimant is currently engaged in substantial gainful activity, he is not disabled.

(2) If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found disabled.

(3) If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4) If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled.

(5) Even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc), he is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the ALJ reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider his residual functional capacity, age, education, and past work experience to determine if he could perform other work. If not, he would be deemed disabled. 20 C.F.R. 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper

legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## II.  PROCEDURAL BACKGROUND AND THE ADMINISTRATIVE DECISION

Dean filed his claim for benefits on June 5, 2005, alleging an onset date of January 15, 2005 [TR 53]. After a hearing, the ALJ issued an unfavorable decision on September 26, 2007 [TR 8-24]. At the time the ALJ rendered his decision, Dean was 56 years old [TR 24, 53]. He completed the eleventh grade [TR 67]. Dean has past relevant work experience as a machinist [TR 69]. He claims that he is disabled due to knee pain, lower back pain, depression, anxiety, and obesity [TR 63, 84].

The ALJ began his analysis by determining that Dean has met the insured status requirements of the Social Security Act through December 31, 2005 [TR 13]. At step one, the ALJ found that Dean has not engaged in any substantial gainful activity since his alleged onset date [TR 13]. At step two, the ALJ determined that Dean suffers from the following severe

impairments: degenerative disc/joint disease, obesity, unspecified anxiety disorder, psychological factors affecting medical condition, and unspecified personality disorder with dependent personality features [TR 13]. Continuing on to the third step, the ALJ determined that Dean does not have an impairment or combination of impairments that meets or medically equals in severity any of the listed impairments, even when considering his obesity [TR 15].

The ALJ then defined Dean's residual functional capacity ("RFC") as follows:

> limited to medium work activity at best involving lifting and/or carrying of no more than fifty pounds maximum occasionally and twenty-five pounds maximum frequently. Mentally, he would be "moderately" limited in the ability to: maintain attention/concentration for extended periods; interact appropriately with the general public; and to respond appropriately to changes in the work setting; but retains the basic mental capacity to understand, remember, and carry out simple and non-detailed tasks and maintain attention/concentration for such tasks in a routine, non-public setting.

[TR17]. At the hearing, the vocational expert ("VE") discussed Dean's past relevant work as a machinist, defining it as "heavy" or "medium" level work. However because his RFC precludes his ability to perform a full range of medium level work, the VE testified that he would not be able to perform this work [TR 255]. Thus, at step four, the ALJ determined that Dean is unable to perform his past relevant work [TR 20]. However, based on his RFC, age, education and experience, the VE did identify other jobs existing in significant numbers in the national economy that Dean could perform. Accordingly, the ALJ determined that he was not disabled at step five [TR. 23-24].

The ALJ's decision that Dean is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied his request for review on

May 7, 2009. [TR 3] Dean has exhausted his administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

III. ANALYSIS

On appeal, Dean argues generally that the ALJ's decision is not supported by substantial evidence and was not decided by proper legal standards. First, Dean contends that the ALJ erred by failing to find that his physical condition met or equaled some unspecified musculoskeletal listing. While it is not clear which listings Dean believes applies, the Commissioner points out that the only two that could arguably apply are Listing 1.02 (major disfunction of a joint) and Listing 1.04 (disorders of the spine). However, the ALJ considered both of these listings and determined that Dean did not meet them because his condition did not satisfy the requirements. Substantial evidence supports this decision.

> Listing 1.02 states in relevant part:
>
> *Major disfunction of a joint(s) (due to any cause)*: Characterized by gross anatomical deformity (e.g. subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b; . . . .

20 C.F.R. pt. 404, subpt. P, app. 1, §1.02. Dean has failed to come forward with any medical evidence that he had a gross anatomical deformity of either knee joint. Nor has he demonstrated an inability to effectively ambulate. Dr. Lewis, the consulting examiner, noted that Dean's "motor activity and sitting tolerance were within normal limits and his gait was better than

expected given his weight" [TR 184]. Additionally, the record reveals that Dean did not use any assistive device [TR 85], and that his doctor recommended only conservative treatment, including diet and aerobic exercises [Tr 163].

Listing 1.04 requires medical evidence of a disorder of the spine "resulting in compromise of a nerve root (including the cauda equine) or the spinal cord" with one of three subsections. 20 C.F.R. pt. 404, subpt. P, app. 1, §1.04. Subsection A of Listing 1.04 requires evidence of nerve root compression characterized by neuro-anatomic distribution of pain accompanied with pain, limitation of motion of the spine, motor loss, and sensory reflex loss. Subsection B of Listing 1.04 requires spinal arachnoiditis dysesthessia. Finally, Subsection C requires lumbar spinal stenosis resulting in pseudoclaudication, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively. 20 C.R.R. pt. 404, subpt. P, app. 1, § 1.04. Yet, as the ALJ determined, the record fails to demonstrate evidence of a nerve root compression, spinal archnoiditis, or lumbar spinal stenosis to the degree required by the listing. To the extent that Dean contends his obesity compounded his condition, the ALJ considered Dean's obesity and properly determined that based on the record and Dean's activities of daily living, he does not meet either listing [TR 15].

Next, Dean argues that the ALJ erred by failing to find that his mental condition met or equaled the criteria in Listing 12.03 and 12.04. Listing 12.03 covers schizophrenia, paranoia, and other psychotic disorders and Listing 12.04 covers affective disorders. In order to meet either listing, Dean must show that he satisfies the criteria in both Paragraph A and B of those

listings. *See* 20 C.F.R. pt. 404, subpt. P, app.1 §§ 12.03, 12.04. Paragraph B of 12.03 and 12.04 requires a claimant to show at least two of the following:

1. Marked restriction of activities of daily living; or

2. Marked difficulties in maintaining social functioning; or

3. Marked difficulties in maintaining concentration, persistence, or pace; or

4. Repeated episodes of decompensation each of extended duration.

C.F.R. pt. 404, subpt. P, app.1 §§ 12.03, 12.04. Substantial evidence supports the ALJ's decision that Dean only had mild restrictions in his daily activities, moderate restrictions in social functioning and concentration, persistence, and pace; and no episodes of decompensation [TR 15-17]. According to Dean, he regularly visited flea markets [TR 80], helped his son work on automobiles [TR184], sold things on eBay [TR 216], drove, shopped, and left the house alone [TR 79]. Furthermore, Dean is able to wash dishes and take out the trash, help his wife with housework, visit with friends on a daily basis, and socialize in public [TR 184]. He stated that he could pay attention for more than ten hours, follow instructions, had no problem with authority, could handle changes in his routine, and could handle stress while on Paxil [TR 184].

The medical evidence confirms the ALJ's finding. According to Dr. Lewis, Dean's concentration was normal, his thought processes were logical, relevant, and coherent with no bizarre ideation; he was polite, talkative, and cooperative [TR 185]. She assessed his Global Assessment of Functioning ("GAF") as 64, indicating only mild limitation [TR 187]. Additionally, Dean's mental health treatment records from Pathways in March 2005 and April 2006 revealed a GAF of 69 [TR 211, 213]. Dean is unable to point to any evidence which

satisfies at least two of the Paragraph B requirements. Although he now denies that he ever participated in many of the activities of daily living listed above and relied upon by Dr. Lewis, these self-serving statements were made after the ALJ's decision and are contradicted by information and testimony in the record. Accordingly, the Court finds that substantial evidence supports the ALJ's decision that Dean's mental impairments do not meet or exceed the requirements in Listing 12.03 or Listing 12.04.

Dean also argues that the ALJ erred in assessing his RFC. In reaching his mental RFC decision, the ALJ adopted the opinions of Dr. Ilze Sillers and Dr. Ann Demaree, the state agency psychologists who reviewed Dean's file. These consultants "are highly qualified" and are "experts in Social Security disability evaluation." 20 C.F.R. §§ 404.1527(f)(2)(i); 916.1527(f)(2)(i). They opined that Dean could understand and remember simple instructions; maintain concentration in two hour segments; respond appropriately to supervisors and co-workers; and adapt to work settings that are not high pressured [TR 131, 206]. Additionally, Dean's reported activities of daily living are consistent with the ALJ's mental RFC finding.

With respect to his physical RFC finding, the ALJ properly determined that the medical evidence does not support the imposition of limitations in excess of those adopted. Although Dean complained of knee pain, he has not presented any medical evidence of a gross anatomical deformity of either knee joint. He does not use any assistive device, and his doctor's recommendation was to diet and exercise [TR 163]. Furthermore, his reported activities of daily living support the ALJ's RFC finding. While Dean contends that the ALJ failed to properly consider his subjective complaints, the Court agrees with the ALJ that Dean is not entirely

credible. In reviewing a claimant's subjective complaints, the ALJ should evaluate the intensity and persistence of any symptom to determine whether the claimant's subjective complaints are credible. *See*, 20 C.F.R. §§ 404.1529(c)(1), 404.1545(a)(1), 416.929(c)(1), 416.945(a)(1). As part of this analysis, the ALJ considers the claimant's daily activities. *See* 20 C.F.R. §§404.1529(c)(3), 416.929(c)(3). "The absence of sufficient objective medical evidence makes credibility a particularly relevant issue, and in such circumstances, this court will generally defer to the Commissioner's assessment when it is supported by an adequate basis." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir .1997). While Dean complains of disabling pain, the evidence in the record, including his reported daily activities and conservative medical treatment, simply do not support his claims. Accordingly, the ALJ did not err in finding Dean less than fully credible.

Finally, Dean contends that his condition prevents him from performing any type of work. However, the ALJ properly utilized the testimony of a vocational expert to determine that there was other work that he could perform. In response to a hypothetical question that included the ALJ's assessment of Dean's RFC, the VE identified examples of jobs that he could perform given these limitations [TR 17, 255-56]. Because substantial evidence supports the ALJ's RFC finding, and Dean failed to prove he had any additional limitations on his ability to work, the ALJ was entitled to rely on the VE's testimony to find that Dean could perform other work. *Foster v. Halter*, 279 F.3d 348, 356-57 (6th Cir. 2001); *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993); *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779-80 (6th Cir. 1987).

For these reasons, Dean has failed to establish entitlement to disability insurance benefits or SSI. As set forth above, a review of the entire record reveals that substantial evidence supports the ALJ's RFC finding and that the VE identified jobs that would be compatible with his individual vocational characteristics and RFC. In conclusion, the decision of the ALJ that Dean is not disabled is supported by substantial evidence and was made pursuant to the proper legal standards.

## IV. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) the plaintiff's motion for summary judgment [DE #10] is **DENIED**;

(2) the defendant's motion for summary judgment [DE #11] is **GRANTED**;

(3) the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

(4) a judgment consistent with this Opinion & Order will be entered contemporaneously.

This February 17, 2011.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**